FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

# UNITED STATES DISTRICT COURT

2006 OCT 16 PM 4: 27

# SOUTHERN DISTRICT OF GEORGIA

CLERK_____
SO. DIST. OF GA.

# SAVANNAH DIVISION

LEMUEL BANKS LEWIS,          )
                             )
    Petitioner,              )
                             )
v.                           )    Case No. CV406-121
                             )
BILLY WICKER, Warden         )
                             )
    Respondent.              )

# REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus. Doc. 10. Respondent asserts that the majority of grounds raised by petitioner are unexhausted, thus leaving petitioner with an available state remedy in which to raise them. Id. Because it appears that petitioner has in fact failed to exhaust available state habeas relief as to a majority of his grounds raised, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I.   BACKGROUND

Petitioner was convicted by a jury on October 3, 2002 on two counts of child molestation, two counts of aggravated child molestation, statutory rape, and incest.  Resp. Ex. 2E at 854.  The trial court imposed a concurrent 15-year sentence for each count. Id.  Petitioner made a motion for new trial on October 17, 2002, which was denied by the trial court on April 30, 2004. Resp. Ex. 2E at 856-859, 953.   Petitioner appealed his conviction and sentence, and the Georgia Court of Appeals affirmed in all respects on July 28, 2005, and denied his motion for reconsideration on August 10, 2005. Lewis v. State, 275 Ga. App. 41, 45 (2005).  Petitioner did not seek a writ of certiorari from the Georgia Supreme Court.  Nor did petitioner file a state habeas petition.  Petitioner filed the instant 28 U.S.C. § 2254 petition on April 25, 2006, asserting the following grounds for relief:

1.   The trial court erred for not allowing the prosecutor and defense attorney to submit petitioner's divorce certificate in support of his defense to incest, thus violating the rule in Brady v. Maryland;

2.   Appellate counsel was ineffective for:

a.   failing to impeach a witness at the hearing on the motion for new trial based on "newly discovered evidence";

b.   failing to move for reconsideration of the issue of the "trial counsel's Brady issue violations";

2

3.   Trial counsel was ineffective for:
    a.   failing to submit a divorce certificate to the jury;
    b.   failing to submit the victim's diary to the jury;
4.   Petitioner's Fifth and Fourteenth Amendment rights were violated due to prosecutorial misconduct when the prosecuting attorney:
    a.   withheld unspecified "exculpatory evidence;"
    b.   argued unspecified "false testimony" to the jury;
    c.   failed to introduce the victim's diary into evidence;
5.   The appellate court "erred in its judgment of law" and "abused its discretion in affirming a trial court's unconstitutional conviction."

Doc. 1.

## II.   ANALYSIS

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."   See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.").   A state prisoner is required to allow the state court an opportunity to correct a constitutional error before a federal court may consider the case, "[b]ecause 'it would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200 (1950)).

In the case of "mixed petitions" containing both exhausted and unexhausted claims, the appropriate procedure is to dismiss such petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose, 455 U.S. at 510; see also Pliler v. Ford, 542 U.S. 225, 230 (2004) (Rose requires the dismissal of mixed habeas petitions).[1]

Respondent contends that because petitioner failed to raise the claims

---

[1] The authority of federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow applicable state procedural rules. Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998); Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). As discussed below, in this case it appears that petitioner has an available state remedy which he has not procedurally defaulted.

4

presented in grounds 1, 2, 3(a), 4, and 5 at trial and on direct appeal, these claims are unexhausted. Doc. 11.   In these grounds, petitioner asserts several challenges to the underlying criminal proceedings in both the trial and appellate courts, including challenges to the admission of evidence and various incidents of prosecutorial misconduct.  Doc. 1.  While respondent contends that these grounds are unexhausted, petitioner claims that he exhausted the majority of his claims at trial or on the motion for new trial. Id.   Alternatively, petitioner asserts that his appellate counsel failed to raise these issues on appeal, which demonstrates "cause" and "prejudice" to satisfy the exhaustion doctrine. Id. Petitioner also contends that ground 2, alleging ineffective assistance of appellate counsel, is unexhausted since it could not have been raised on direct appeal, so is "a de novo matter before this court." Id.

The complete exhaustion rule established by the Supreme Court in Rose requires a federal court to dismiss petitions, such as the instant petition, that contain both exhausted and unexhausted claims.  As the Supreme Court has explained, the exhaustion doctrine requires a federal habeas petitioner to provide the state courts with a "'fair opportunity'" to

review his constitutional claim and apply controlling legal principles to the facts bearing upon that claim. <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 276-77 (1971).

It appears that petitioner has failed to exhaust his state remedies on the majority of his claims raised in the instant petition. As petitioner still has a remaining state remedy available to him, <u>see</u> O.C.G.A. § 9-14-41 et seq., respondent's motion to dismiss should be GRANTED and the petition should be DISMISSED at this time to allow petitioner the opportunity to pursue his state remedy of habeas corpus.[2] Alternatively, petitioner may delete the unexhausted claims and proceed with the exhausted ones in a newly-submitted federal habeas petition.

**SO REPORTED AND RECOMMENDED** this _16th_ day of October, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[2]While in limited circumstances the Court may stay a mixed petition while the petitioner returns to the state courts with his unexhausted claims, the Court finds that such a stay is inappropriate in the instant case. <u>See Rhines v. Weber</u>, 544 U.S. 269 (2005) (holding that the district courts have discretion to stay rather than dismiss a mixed habeas petition if petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in dilatory litigation tactics).